UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TOMMIE SMITH, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:82-CV-526 AS |
| | ) | |
| JAMES AIKEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND
REPORT AND RECOMMENDATION**

  This is an old case with a long history. Plaintiffs filed this action on November 19, 1982. After nearly ten years of litigation, the parties came to an agreement and on September 3, 1992, the court approved the parties' agreed entry. Over twelve years after the agreed entry was approved, the Defendants, on April 22, 2005, filed a motion to terminate the prospective relief. In addition, on March 7, 2006, Defendants filed a motion to substitute the proper party Defendants. To ensure that all evidence regarding this matter was properly submitted, this Court twice gave the parties the opportunity to supplement the record. Parties have now complied with this Court's orders. For the following reasons, this Court **GRANTS** Defendants' motion to substitute the proper Defendants [Doc. No. 48]. This Court **RECOMMENDS** that Defendants' motion to terminate the prospective relief [Doc. No. 24] be **GRANTED** and that Plaintiffs' motion for reconsideration [Doc. No. 16] be **DENIED AS MOOT**.

**I. APPLICABLE BACKGROUND**

  On November 19, 1982, Plaintiffs, all of whom were adult male offenders housed on X-Row at the Indiana State Prison under the sentence of death, filed a complaint alleging various constitutional violations. In September 1992, the parties entered into an agreed entry, which the

court approved on September 3, 1992. On March 26, 2004, Defendants filed their first motion to terminate the prospective relief in this case. The court granted Defendants' motion on April 20, 2004. Plaintiffs then filed a motion for reconsideration. The court heard oral arguments on the pending matters in this case on May 24, 2004, and on May 27, 2004, the court stayed all proceedings in this matter.

On April 22, 2005, Defendants again filed a motion to terminate the prospective relief. Defendants argue that 18 U.S.C. § 3626(b)(2) requires the immediate termination of prospective relief in this case. Plaintiffs once again opposed this motion, alleging that the prospective relief remains necessary to correct continuing violations of federal rights. Specifically, Plaintiffs allege that four areas of the agreed entry are still being violated. First, Plaintiffs contend that X-Row is not being treated as a separate unit because it is subject to lockdowns based on incidents in other cell blocks, which violates the constitution. Plaintiffs then argue that the limited time they have for out of cell recreation, in addition to the limited and substandard recreation equipment provided, falls below contemporary standards and violates the constitution. Finally, Plaintiffs assert that their opportunities for religious services are inadequate and violates the Religious Land Use and Institutionalized Person Act, ("RLUIPA"), 42 U.S.C. § 2000cc-1(a).

On October 13, 2005, this matter was referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(B) to conduct an evidentiary hearing and enter into the record a report and recommendation on Defendants' motion to terminate the prospective relief. On December 14, 2005, this Court conducted an in-court hearing on Defendants' motion. At that hearing, parties informed this Court that a formal evidentiary hearing would not be necessary and that the parties could adequately provide written evidence with regards to the motion. As a result of this

2

representation, this Court afforded parties until March 10, 2006, to supplement the record and provide evidence either in support or in opposition of the motion. Parties have since supplemented the record in accordance with this Court's order.

On March 7, 2006, Defendants filed a motion to substitute the proper Defendants. Defendants allege that, due to the passage of time, some of the named Defendants no longer occupy the relevant positions within the Indiana Department of Corrections. Defendants wish to substitute the proper names of the individuals who now occupy those positions. This Court may issue a report and recommendation and rule upon Defendant's motion to substitute pursuant to its referral order and 28 U.S.C. § 636(b)(1)(B).

## II.   DEFENDANTS' MOTION TO SUBSTITUTE

In their motion to substitute, Defendants assert that some of the named Defendants no longer occupy the official positions in which capacity they were sued. Therefore, Defendants seek to clarify the record by substituting the individuals who now occupy those official positions. Because the individuals were sued in their official capacity, and because the substitution of the individuals who now occupy those official positions would not impact the merits of this case, Defendants' motion [Doc. No. 48] is **GRANTED**. The relevant parties should be substituted in accordance with document number 48.

## III.   DEFENDANTS' MOTION TO TERMINATE PROSPECTIVE RELIEF

### A.   Relevant Law

The Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626 governs the termination of prospective relief. 18 U.S.C. § 3626(b)(1)(A) states that

3

> In any civil action with respect to prison conditions in which prospective relief is ordered, such relief shall be terminable upon the motion of any party or intervenor-
>> (i) 2 years after the date the court granted or approved the prospective relief;...

18 U.S.C. § 3626(b)(2) provides for immediate termination in the following situation.

> In any civil action with respect to prison conditions, a defendant or intervenor shall be entitled to the immediate termination of any prospective relief if the relief was approved or granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right.

18 U.S.C. § 3626(b)(3) then provides a limitation on the termination of the prospective relief. That section states that:

> [p]rospective relief shall not terminate if the court makes written findings based on the record that prospective relief remains necessary to correct a current and ongoing violation of the Federal Right, extends no further than necessary to correct the violation of the Federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation.

In Defendants' motion they assert that they are entitled to relief because it has been more than two years since the approval of the agreed entry. In addition, Defendants also allege that they are entitled to the immediate termination of the entry because the original entry did not contain a finding by the court that the relief was narrowly drawn and extended no further than necessary to correct the violation of the federal right. Because the original agreed entry was approved before the PLRA was enacted, the Plaintiffs agree that the order approving the entry does not contain the required findings. This Court agrees with both parties that the order approving the agreed entry does not contain the required findings.

Despite the absence of the necessary findings, the Plaintiffs argue that this Court should not terminate the prospective relief because the agreed entry is needed to correct a current and

4

ongoing violation of a federal right pursuant to 18 U.S.C. § 3626(b)(3).  In order to assess whether or not there is an ongoing violation, this Court first needs to ascertain which party has the burden of proving a current and ongoing violation of a federal right.

  B.  Burden of Proof

At the December 14, 2005 hearing, this Court inquired as to which party had the burden of proving an ongoing violation under 18 U.S.C. § 3626(b)(3) and ordered the parties to file supplemental briefs on this issue.  While the Seventh Circuit has not yet addressed this issue, other circuits have.  Plaintiffs assert that Gilmore v. People of the State of California, 220 F.3d 987, 1008-10 (9th Cir. 2000), places the burden of proof on a defendant.  In Gilmore, the court stated that nothing in the termination provisions can be said to shift the burden of proof from the party seeking to terminate the prospective relief.  Id. at 1008.  Thus, under Gilmore, the defendant, as the party moving to terminate the decree, had the burden of proving its compliance with the order.

However, more recent decisions from the First Circuit contradict Gilmore.  In Laaman v. Warden, 238 F.3d 14, 20 (1st Cir. 2001), the court determined that upon remand to the district court, the burden of proof of proving an ongoing violation would rest on the plaintiffs.  See also Feliciano v. Rullan, 378 F.3d 42, 57 (1st Cir. 2004) (finding that the district court had not shifted the burden of proof onto the defendants simply by making the defendants present their evidence first); Ruiz v. Johnson, 154 F. Supp. 2d 975, 984 (D. Tex. 2001)(citing Laaman, 238 F.3d 14).

As the parties have illustrated, there is a split of authority with regards to which party bears the burden of proving an ongoing violation and there is no authority on this point in this circuit.  In looking at the language of the statute, this Court finds that the First Circuit's approach

5

is more persuasive.  18 U.S.C. § 3626(b) first lists when termination of prospective relief is appropriate.  The statute is very clear that if the court did not make findings that the relief was narrowly tailored, it should immediately terminate the relief.  Nowhere in 18 U.S.C. § 3626(b)(2) does it require any showing by the defendant that it has complied with the agreed entry.  Rather, in the next subsection entitled "Limitation" the statute provides that if the court finds that there is an ongoing violation, the prospective relief shall not terminate.  Thus, it would appear that since the statute talks about a finding of an ongoing and current violation, it would be the plaintiff's burden to establish the existence of such an ongoing violation.

Although not specifically addressed, this conclusion seems to be supported by two district court cases in this circuit.  In Green v. Peters,  2002 U.S. Dist. LEXIS 11671 (N. D. Ill. 2002), the court stated that an evidentiary hearing was needed to see if the plaintiffs could prove that injunctive relief was needed to correct an ongoing and current violation.  In addition, in Jensen v. County of Lake, 958 F. Supp. 397, 407 (N. D. Ind. 1997) the court likewise stated that the plaintiffs would have the opportunity to show whether there was an ongoing constitutional violation at a hearing.  Consequently, it appears that if, as in this case, a defendant files a motion to terminate an order for prospective relief in which there were no findings that the relief was narrowly drawn, it is then the plaintiff's burden to prove that there are current and ongoing violations that justify continuing the prospective relief.

      C.      <u>Plaintiffs Have not Proven that there is an Ongoing Constitutional Violation</u>

Having now determined that the Plaintiffs bear the burden of establishing a current and ongoing violation of federal rights, this Court now turns to whether the Plaintiffs have met their burden.  Plaintiffs assert that the agreed entry is needed to correct four ongoing constitutional

6

violations. First, Plaintiffs contend that X-Row is not being treated as a separate unit because it is subject to lockdowns based on incidents in other cell blocks, which violates the constitution. Plaintiffs then argue that the limited time they have for out of cell recreation, in addition to the limited and substandard recreation equipment provided, falls below contemporary standards and violates the constitution. Finally, Plaintiffs assert that their opportunities for religious services is inadequate and violates the Religious Land Use and Institutionalized Person Act, ("RLUIPA"), 42 U.S.C. § 2000cc-1(a).

      1.     X-Row a Separate Unit

Plaintiffs assert that X-Row is not being treated as a separate unit because the unit is subject to lockdowns based on incidents that occur in other units of the prison. From this rhetorical argument, it is unclear what constitutional violation Plaintiffs are alleging. Plaintiffs cite to Wilkinson v. Austin, 125 S.Ct. 2834 (2005) and Westefer v. Synder, 422 F.3d 570 (7th Cir. 2005), but these cases offer no support to their argument. These cases address the due process rights involved with being assigned to a particular unit. By citing these cases, Plaintiffs may be trying to allege a due process violation in their assignment to X-Row. If this is Plaintiffs' argument, as Defendants state, this was not a subject contained in the original complaint, nor contemplated when parties executed the agreed entry. This Court is reluctant to obligate parties to actions which were not part of the original case. Doing so would expand the scope of the original agreed entry to cover a due process issue that was not previously litigated.

However, Plaintiffs may be attempting to argue that there is a constitutional violation simply based upon the prison lockdown procedures. If this is Plaintiffs' argument, they have failed to cite any supporting authority which suggests that a prison lockdown is a constitutional

7

violation. Regardless of either ill developed or unsupported theory Plaintiffs advance, neither is sufficient to carry their burden of proving a continuing violation. In short, Plaintiffs have failed to prove that there is any current and ongoing violation with regards to Defendants' treating X-Row as a separate unit.

### 2. Time Out of Cell for Recreation

The original agreed entry stated that X-Row inmates had approximately three hours per day of out-of-cell recreation time, and that the Defendants committed to examine possible ways to increase such time for all inmates on X-Row. At the present time, out of cell recreation is limited to approximately one hour a day. However, Plaintiffs allege that this time is sometimes reduced or eliminated for the convenience of the staff.

Plaintiffs cite to Delaney v. De Tella, 256 F.3d 679, 683-86 (7th Cir. 2001) to support their contention that this constitutes a constitutional violation. However, this Court finds that the current situation is easily distinguishable from Delaney. In Delaney the court addressed whether a complete denial of exercise for six months fell below contemporary standards. The Seventh Circuit acknowledged that it has consistently held that short term denials of exercise may be inevitable in the prison context and are not so detrimental as to constitute a constitutional deprivation. Id. While out of cell exercise time may be occasionally limited, this occasional deprivation does not amount to a constitutional violation. The Plaintiffs are not deprived of out of cell recreation for long periods of time. Furthermore, because the cells on X-Row are about twice the size of the cells in the rest of the prison, even if the Plaintiffs are occasionally denied the opportunity for out of cell recreation, they still have the option of exercising in their cells. See Harris v. Fleming, 839 F.3d 1232 (7th Cir. 1988) (granting summary judgment when the

plaintiff had not been denied all exercise).  As a result, there is not an ongoing constitutional violation with regards to this issue.

### 3. Recreation Equipment

Plaintiffs allege that the inventory of recreation equipment falls short of the agreement made between the parties.  Plaintiffs acknowledge that defective and limited equipment alone is not a constitutional violation.  However, Plaintiffs contend that the limited equipment, combined with the limited recreation time, rises to the level of a constitutional violation.  However, Plaintiffs once again fail to cite to any legal authority supporting this proposition.  By not citing any authority, Plaintiffs are requesting that this Court blindly agree to continue the agreed entry even though the PLRA requires this Court to make specific findings that there is a current and ongoing violation.  This Court will not enforce an agreement that should be terminated pursuant to the statute absent some showing that the actions constitute a constitutional violation.  Because this Court has already found that there is not a constitutional violation in the amount of out of cell recreation time the Plaintiffs are afforded, merely stating that the recreation equipment is substandard does not change this Court's view that either of these conditions, either alone or together, is sufficient to constitute a constitutional violation.  Nor will this Court conclude that there is a continuing violation when the Plaintiffs have not offered any authority to establish a violation of a federal right.  In short, the Plaintiffs have again failed to show a current and ongoing violation necessary to continue the prospective relief of the agreed entry.

### 4. Religious Services

Plaintiffs' last argument pertains to religious services.  In the agreed entry Defendants agreed to expand opportunities for religious activities and services on X-Row.  Plaintiffs allege

that despite this promise, the opportunities for religious services on X-Row are very limited and violate the Religious Land Use and Institutionalized Person Act, ("RLUIPA"), 42 U.S.C. § 2000cc-1(a). Defendants argue that there cannot be an ongoing violation of RLUIPA because the statute was not enacted when the complaint was filed or when the parties entered into the agreed entry. As previously stated, this Court will not extend the prospective relief to cover new violations that were not contemplated at the time the parties entered into the agreed entry. This decision is not prejudicial to Plaintiffs. If Defendants are in fact violating RLUIPA, Plaintiffs may file a new complaint alleging those violations. However, this Court will not modify the agreed entry to encompass a new theory when such theory was not available at the time the entry was approved.

After reviewing each of the Plaintiffs' allegations that there are ongoing constitutional violations that require the prospective relief to remain in effect, this Court finds that Plaintiffs have failed to prove that such constitutional violations exist. As a result, and in accordance with 18 U.S.C. § 3626(b)(2), this Court recommends that Defendants' motion for the termination of prospective relief [Doc. No. 24] be granted.

### IV.   ANCILLARY MATTERS

On April 23, 2004, Plaintiffs filed a motion for reconsideration. Subsequent to the filing of that motion, on May 27, 2004, the court stayed all proceedings in this matter. As a result of this Court's above recommendation, this Court further recommends that Plaintiffs' motion for reconsideration [Doc. No. 16] be denied as moot.

V. CONCLUSION

For the aforementioned reasons, this Court **GRANTS** Defendants' motion to substitute the proper Defendants [Doc. No. 48]. The Clerk is **DIRECTED** to substitute the named Defendants as outlined in Defendants' motion. This Court **RECOMMENDS** that Defendants' motion to terminate prospective relief [Doc. No. 24] be **GRANTED** and that Plaintiffs' motion for reconsideration [Doc. No. 16] be **DENIED AS MOOT**.

> **NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed.R.Civ.P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED.**

Dated this 24th Day of March, 2006.

                                                  s/Christopher A. Nuechterlein
                                                  Christopher A. Nuechterlein
                                                  United States Magistrate Judge