# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

| | | |
|---|---|---|
| **RICHARD MOORE (82cv526),** | ) | |
| **MICHAEL DANIELS (82cv526),** | ) | |
| **LARRY WILLIAMS (82cv526),** | ) | |
| **RICHARD DILLION (82cv526),** | ) | |
| **THOMAS SCHIRO (82cv526),** | ) | |
| **RUFUS AVERHART (82cv526,** | ) | |
| **88cv509) aka ZOLO AGONA AZANIA,** | ) | |
| **WILLIAM A. MINNICK (82cv526),** | ) | |
| **JAY R. THOMPSON (82cv526),** | ) | |
| **DONNALD WALLACE (82cv526),** | ) | |
| **DAVID LEE HOLLIS (82cv526),** | ) | |
| **FRANK DAVIS (82cv526),** | ) | |
| **CHARLES SMITH (82cv526),** | ) | |
| **DENNIS P. ROARK (82cv526),** | ) | |
| **ALAN LEHMAN MATHENEY** | ) | |
| **(82cv526),** | ) | |
| **CHARLES E. ROCHE SR. (82cv526),** | ) | |
| **DAVID F. YOUNG (82cv526),** | ) | |
| **MARVIN DALE CASTOR (82cv526),** | ) | |
| **ARTHUR PAUL BAIRD II (82cv526),** | ) | |
| **and JIM LOWERY (83cv132),** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| **v.** | ) | **Civil No. 3:82cv0526 AS** |
| | ) | **(Lead Docket)** |
| **JAMES AIKEN,** | ) | **3:83cv0132 AS** |
| **CLOID SHULER,** | ) | |
| **DR. NORMAN HUNT,** | ) | |
| **RICHARD CLARK,** | ) | |
| **EDWARD COHN,** | ) | |
| **ROBERT BRONNENBERG,** | ) | |
| **J. DAVID DONAHUE, Commissioner,** | ) | |
| **EDWIN G. BUSS,** | ) | |
| **CECIL DAVIS, and** | ) | |
| **JAMES WYNN,** | ) | |
| | ) | |
| **Defendants** | ) | |

### *MEMORANDUM AND ORDER*

This case has been on file for approximately twenty-four years.  This court takes note of the history of this case that has been more than adequately summarized by the United States magistrate judge.  On April 22 last year, various defendants filed a motion to terminate the prospective relief arguing that 18 U.S.C. §3626(b)(2) requires the immediate termination of prospective relief in this case.  This has to do generally with conditions at the Indiana State Prison in Michigan City, Indiana in this district, and one of the issues that is a question about religious services, citing the Religious Land Use and Institutionalized Person Act (RLUIPA), 42 U.S.C. §2000(cc-1a).  Reference was made to the United States magistrate judge under 28 U.S.C. §636(b)(1)(B).  A question also is raised under the Prison Litigation Reform Act, 18 U.S.C. §3626 and particularly §3626(b)(1)(A).

Obviously one of the items which has to be considered is whether there is an ongoing constitutional violation and an opportunity to demonstrate the same.  *See Jensen v. County of Lake*, 958 F.Supp. 397 (N.D. Ind. 1997).  It seems that this court very long ago dealt with the question of out-of-cell recreation in this unit at the Indiana State Prison.  This court agreed with the magistrate judge that there is a failure to prove ongoing constitutional violations by the plaintiffs in this case, and it is the belief here that the plaintiffs have that burden.  This court agrees with the magistrate judge that the motion filed April 23, 2004 for reconsideration is **MOOT**.  In accord with the recommendation of the magistrate judge, the defendants' motion to substitute proper defendant is **GRANTED**, and the proper named

2

defendants should be substituted.  Further, the court **APPROVES** the recommendation that the defendants' motion to determine prospective relief be **GRANTED**, and the plaintiffs' motion for reconsideration be **DENIED AS MOOT**.  **IT IS SO ORDERED**.

    **DATED:**  April 20, 2006

        **S/ ALLEN SHARP**

        **ALLEN SHARP, JUDGE**
        **UNITED STATES DISTRICT COURT**

cc: The Honorable Christopher A. Nuechterlein